United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-60236
Summary Calendar

———————————

KEMMY DAVIS,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 832 166
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Kemmy Davis, a native and citizen of Nigeria, has petitioned
for review of an order of the Board of Immigration Appeals' (BIA)
denying her motion to reopen removal proceedings commenced
following the denial of her petition to adjust status based on
her marriage to a United States citizen.  Davis's petition to
adjust status was denied based on a finding that the marriage had
been entered into fraudulently for the purpose of circumventing
immigration laws.

———————————

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davis argues that the BIA abused its discretion by denying her a continuance to await the result of a second petition to adjust status based on the same marriage.

Although Davis asserts error in the BIA's denial of her motion for a continuance, she failed to file a separate petition for review of the denial of that motion. As such, the BIA's denial of Davis's motion for a continuance is not before this court. Only the BIA's denial of her motion to reopen is at issue in this petition for review. See Guevara v. Gonzales, 450 F.3d 173, 176 (5th Cir. 2006).

Davis also asserts that the BIA denied her due process by denying her motion for a continuance because she was entitled to pursue adjustment of status pursuant to INA § 245(i), 8 U.S.C. § 1255(i). Davis relied on INA § 245(a), 8 U.S.C. § 1255(a) in her motion to reopen. She did not present a claim under INA § 245(i), § 1255(i) to the BIA, and the claim is one that the BIA has adequate mechanisms to address and remedy. As such, the claim is unexhausted. See Goonsuwan v. Ashcroft, 252 F.3d 383, 389-90 (5th Cir. 2001). This court thus lacks jurisdiction to review it. Wang v. Ashcroft, 260 F.3d 448, 452-453 (5th Cir. 2001).

Davis contends that the BIA abused its discretion by denying her motion to reopen removal proceedings because it failed to provide an adequate legal basis for its ruling. Davis's assertion is belied by the record. Davis fails to specifically

challenge the BIA's finding that the documentation presented in support of the motion to reopen was insufficient to make a prima facie showing of her eligibility to adjust her status as the spouse of a United States citizen.  See I.N.S. v. Abudu, 485 U.S. 94, 104 (1988).  She has thus abandoned the issue central to the BIA's denial of her petition for review.  See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).  Moreover, Davis fails to present evidence sufficient to prove that she was eligible for adjustment of status based on her marriage to a United States citizen because she did not establish that she and her husband resided together from 1997 to 2000.  See Abudu, 485 U.S. at 104.

Accordingly, Davis's petition for review is DENIED.