# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2011

No. 10-60385
Summary Calendar

Lyle W. Cayce
Clerk

MERCY MUNGWI BELL,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. AO72-149-812

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mercy Mungwi Bell petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying her motion to reconsider its dismissal of her appeal from the denial of her application for cancellation and waiver of removal, pursuant to Immigration and Nationality Act (INA) § 240A, 8 U.S.C. § 1229b, INA § 212(h), 8 U.S.C. § 1182(h), and INA § 212(i), 8 U.S.C. § 1182(i). Bell states that she is appealing the BIA's September 2, 2009 dismissal of her appeal and the BIA's April 22, 2010 denial of her motion for reconsideration.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60385

She argues that the immigration judge (IJ) did not apply the proper law and the IJ and BIA did not meaningfully consider her request for cancellation of removal and waiver under § 1182(i).  Bell further contends that the adverse credibility determination that was made in her case is not supported by the record.  She also challenges the IJ's analysis of her income tax statements, arguing through reliance on specific provisions of the Internal Revenue Code that the IJ incorrectly applied tax law.

Because Bell did not file a petition for review from the BIA's September 2, 2009 dismissal of her appeal, this court lacks jurisdiction to review the arguments that she makes relative to that dismissal. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995); *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006). Moreover, this court lacks jurisdiction to review any judgment regarding the discretionary relief provisions at issue, except to the extent this appeal involves "constitutional claims or questions of law."   *See* 8 U.S.C. § 1252(a)(2)(B)(i); § 1252(a)(2)(D).  Bell's arguments essentially consist of challenges to the factual determinations that she was not credible and that she had not established the requisite level of hardship.  *See Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007);  *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).  To the extent that Bell's arguments do not present constitutional or legal challenges, this court lacks jurisdiction to consider Bell's arguments.   *See* § 1252(a)(2)(B)(i); § 1252(a)(2)(D).   Moreover, this court lacks jurisdiction to consider Bell's argument that the IJ misinterpreted specific provisions of the Internal Revenue Code, because Bell did not exhaust this issue by presenting it to the BIA. *See* § 1252(d)(1); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010).

Further, while this court has jurisdiction to review the BIA's denial of Bell's motion to reconsider its dismissal on "constitutional claims or questions of law raised upon a petition for review," *see* § 1252(a)(2)(D), Bell has failed to show that the BIA's denial of reconsideration was an abuse of discretion.  *See*

*Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008).   Therefore, Bell's petition for review is DENIED.