BENAVIDES, Circuit Judge:
Marcelo Guevara (“Guevara”) petitions for review of an order of the Board of Immigration Appeals (“BIA”). The procedural history of this immigration case is somewhat lengthy. Subsequent to the BIA’s initial decision affirming the immigration judge’s (“IJ”) order of removal, Guevara successfully moved to reopen, and the BIA terminated the removal proceedings. Approximately two and a half years later, the respondent, the Department of Homeland Security (“DHS”) successfully moved the BIA to reconsider. Guevara now appeals that order. In DHS’s motion to reconsider before the BIA, it argued that the BIA did not have jurisdiction to grant Guevara’s motion to reopen because he had been deported. The principal issue before us is whether DHS’s motion to reconsider is part of a direct review of the order or a collateral attack. Concluding that the motion to reconsider constitutes a collateral jurisdictional attack on the BIA’s decision, it is barred by res judicata.
I. FACTUAL AND PROCEDURAL HISTORY
In 1999, the BIA affirmed the IJ’s decision finding Guevara removable as an alien convicted of an aggravating felony — driving while under the influence. It is undisputed that Guevara was removed from the United States in February of 2001. On March 1, 2001, this Court held that the Texas felony of driving while intoxicated was not a “crime of violence” and thus not an aggravated felony. United States v. Chapa-Garza, 243 F.3d 921 (5th Cir.2001). Relying on Chapcu-Garza, Guevara filed a motion to reopen the removal proceedings, terminate proceedings, and reinstate lawful permanent resident status on October *175 9, 2001. On November 2, 2001, the BIA granted the motion based on the change in the law, vacated the removal order, and terminated the proceedings in the case.
DHS filed no response to either Guevara’s motion to reopen or the BIA’s decision until approximately two and a half years later. On March 30, 2004, DHS filed a motion to reconsider, raising the sole argument that, because Guevara had already been removed, the BIA was without jurisdiction to reopen Guevara’s removal proceedings and requested reinstatement of the removal order. DHS did not serve Guevara’s counsel with this motion.
On July 13, 2004, the BIA granted DHS’s motion to reconsider and, citing Matter of G-N-C, 22 I & N Dec. 281 (BIA 1998), concluded it had been without jurisdiction to entertain Guevara’s motion to reopen filed after his deportation. The BIA vacated its November 2, 2001 decision (which had vacated the removal order and terminated proceedings) and reinstated its October 18, 1999 decision finding Guevara removable. Guevara now petitions this Court for review of that decision.
II. ANALYSIS
Guevara contends that the BIA erred in granting DHS’s motion to reconsider. This Court reviews the grant of a motion to reconsider for abuse of discretion. See Zhao v. Gonzales, 404 F.3d 295, 301 (5th Cir.2005) (reviewing the denial of a motion to reconsider); 8 C.F.R. § 1003.2(a) (2004) (“The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board ....”).
Citing Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 377, 60 S.Ct. 317, 84 L.Ed. 329 (1940), Guevara argues that res judicata prevented DHS’s collateral attack on the BIA’s jurisdiction to grant his motion to reopen the deportation proceedings. This Court has explained that “[i]f the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court’s subject matter jurisdiction is insulated from collateral attack.” Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 960 F.2d 1286, 1293 (5th Cir.1992).
DHS does not dispute that res judicata precludes a collateral attack on the BIA’s jurisdiction.[1] Instead, it simply asserts, without supporting argument or authority, that res judicata is inapplicable because its motion to reconsider involved direct review by the BIA of its jurisdiction.
The sole issue thus presented here is whether DHS’s motion to reconsider constitutes direct review or a collateral attack. If the motion was part of the direct review process, then res judicata did not apply. On the other hand, if the motion was a collateral attack on the BIA’s decision, it was barred by res judicata.
Although apparently we have not addressed the question of whether a motion to consider is collateral, the Eighth Circuit has determined that “[mjotions to reopen or reconsider in the immigration context are not appeals to the Board from its own order, but are more accurately described as collateral attacks on the Board’s order.” White v. I.N.S., 6 F.3d 1312, 1315 (8th Cir.1993) (citing inter alia 8 C.F.R. § 3.2).[2] Similarly, the Supreme *176 Court, in the context of discussing the Attorney General’s authority, has opined that “[m]otions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence.” Doherty, 502 U.S. at 323, 112 S.Ct. 719 (citation omitted). Also, the BIA has indicated that “ ‘relief from judgment orders,’ contained in Rule 60(b) [of the Federal Rules of Civil Procedure], most resemble our motions to reopen or reconsider.” In re J-J-, 21 I. & N. Dec. 976, 983 (BIA 1997). We defer to the BIA’s reasonable interpretation of its regulations. Hernandez-Castillo v. Moore, 436 F.3d 516, 519 (5th Cir.2006).
Relying on the above-quoted Supreme Court’s language in Doherty, the Eighth Circuit compared motions to reconsider or reopen immigration proceedings to motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and motions for new trial pursuant to Federal Rule of Criminal Procedure 33. White, 6 F.3d at 1315. The Eighth Circuit noted that a Rule 60(b) motion “does not affect the finality of a judgment or suspend its operation.” Id. (quoting Fed.R.Civ.P. 60(b)). The White Court further noted that if a motion for a new trial based on newly discovered evidence is made while an appeal is pending, the court may grant the motion only on remand. Id. (citing Fed.R.CRIM.P. 33). The analogy indicates that a motion to reopen immigration proceedings is separate and apart from direct review.
Moreover, this Court has recognized that “[t]he BIA’s denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review.” Jaquez-Vega v. Gonzales, 140 Fed.Appx. 547 (5th Cir. Aug.5, 2005) (unpublished) (citing Stone v. I.N.S., 514 U.S. 386, 394, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). If a motion to reconsider is separate from and does not affect the finality of an appeal, it does not follow that it is part of the direct review. We are persuaded that DHS’s motion to reconsider constituted a collateral jurisdictional attack on the BIA’s previous decision to grant Guevara’s motion to reopen and terminate proceedings.[3]
Accordingly, because res judicata barred the jurisdictional attack, the BIA abused its discretion in granting the motion to reconsider on that basis, the only basis raised in DHS’s motion to reconsider. Our precedent dictates that we treat the BIA’s November 2, 2001 order granting Guevara relief “as proper in every respect.” Renteria-Gonzalez v. I.N.S., 322 F.3d 804, 812 (5th Cir.2002).[4]
III. CONCLUSION
Accordingly, we GRANT the petition for review, VACATE the BIA’s decision and *177 order, and REMAND to the BIA for proceedings consistent with this opinion.

. This Court previously has rejected the BIA's conclusion that res judicata does not apply to its administrative proceedings. Medina v. I.N.S., 993 F.2d 499, 503-04 (5th Cir.1993).

. Section 3.2(a) involves requests to reopen or reconsider proceedings before the BIA and is the predecessor to section 1003.2(a), which was previously quoted. The wording did not change.

. We note that DHS relies on Navarro-Miranda v. Ashcroft, 330 F.3d 672 (5th Cir.2003), in support of its argument that the BIA lacked jurisdiction to grant Guevara's motion to reopen. However, Navarro-Miranda does not control this case. While Navano-Mi-randa is very similar in that the alien was moving for relief based on the holding in Chapa-Garza that driving while intoxicated was not a crime of violence. However, in that case, the BIA had denied relief recognizing that it lacked jurisdiction because the alien had already been deported. Here, if DHS had responded to Guevara's motion to reopen with this argument, presumably the BIA would have denied Guevara's motion for lack of jurisdiction. More importantly, due to the difference in the procedural posture of the cases, the instant res judicata bar is not affected by our holding in Navairo-Miranda that the BIA's interpretation of its regulations was reasonable.

. Because this issue is dispositive of Guevara’s petition for review, we need not address his other arguments.