United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60180
Summary Calendar
_____

SAMSON TAIWO DADA,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 129 270
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Samson Taiwo Dada is a citizen of Nigeria who was admitted
into the United States in April 1998 and remained in the country
beyond the authorized period.  An immigration judge (IJ) ordered
Dada to be removed but granted his request for voluntary
departure.  The Board of Immigration Appeals (BIA) affirmed the
IJ's decision.  Dada filed a motion to reopen on the ground that
he was seeking adjustment of status, and he sought leave to
withdraw his request for voluntary departure.  The BIA denied
Dada's motion to reopen on the ground that, because he failed to

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

leave the United States by the imposed deadline for voluntary departure, he was statutorily ineligible for adjustment of status, pursuant to 8 U.S.C. § 1229c(d).

In this petition for review, Dada argues that the BIA erred by (1) finding him to be statutorily ineligible for adjustment of status under § 1229c(d) and (2) denying his motion to reopen despite the IJ's denial of Dada's request for a continuance. The BIA's interpretation of the applicable statutes rendering Dada ineligible was reasonable. See Banda-Ortiz v. Gonzales, 445 F.3d 387, 389-91 (5th Cir. 2006). The IJ did not abuse its discretion by denying Dada's request for a continuance. See Ahmed v. Gonzales, 447 F.3d 433, 438-39 (5th Cir. 2006). Dada's arguments challenging the IJ's decision and the BIA's affirmance of that decision are not cognizable within his petition for review, which was directed at the BIA's denial of Dada's motion to reopen. See Guevara v. Gonzales, 450 F.3d 173, 176 (5th Cir. 2006).

Dada has failed to show that the BIA abused its discretion by denying his motion to reopen. See Zhao v. Gonzales, 404 F.3d 295, 303-04 (5th Cir. 2005). Accordingly, his petition for review is DENIED.