United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60196
Summary Calendar
_____

IMRAN ABBAS,

Petitioner,

versus

ALBERTO R GONZALES, U S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 322 233
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Imran Abbas, a native and citizen of Pakistan, entered the United States on a nonimmigrant visa in April 2001 and remained in this country beyond the authorized period. An immigration judge (IJ) ordered Abbas removed but granted his request for voluntary departure provided he waived an appeal. Notwithstanding the waiver, Abbas appealed to the Board of Immigration Appeals (BIA), which dismissed the appeal for lack of jurisdiction. While Abbas's appeal was pending and within the period allowed for voluntary departure, Abbas's I-130 petition

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was approved. Rather than filing a motion to reopen the removal proceedings, as he had been instructed by the IJ, Abbas filed a motion to remand with the BIA; however, the motion to remand was mooted by the dismissal of Abbas's appeal.

Approximately one year later, Abbas and the respondent jointly moved to reopen the proceedings, but the IJ denied the motion as untimely. In the alternative, the IJ denied the motion as a matter of discretion because Abbas had failed to comply with the order of voluntary departure. Abbas appealed to the BIA, which concluded that the joint motion to reopen was timely, but nevertheless dismissed the appeal because Abbas's failure to comply with the order of voluntary departure barred him from obtaining relief. Abbas has petitioned for review of this decision.

Abbas argues that the joint motion to reopen was timely and that the IJ's denial of the motion to reopen was an abuse of discretion because the order of voluntary departure would have been nullified if the IJ had reopened his case. We need not address the issue of timeliness because the BIA held that the joint motion to reopen was timely and addressed the merits of Abbas's appeal.

The decision whether to reopen immigration proceedings is discretionary, and our review of the BIA's denial of a motion to reopen is "highly deferential." Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). If the BIA's interpretation of its

regulations is reasonable, we defer to that determination. Guevara v. Gonzales, 450 F.3d 173, 176 (5th Cir. 2006).

An alien who is authorized to depart voluntarily and who fails to depart the United States within the specified time period is ineligible to receive cancellation of removal for a ten-year period. 8 U.S.C. § 1229c(d). We have held that, in exchange for the "numerous benefits" attendant to voluntary departure, § 1229c(d) requires that the alien accept the consequences of civil fines and ineligibility for certain forms of immigration relief, if he does not depart as agreed. See Banda-Ortiz v. Gonzales, 445 F.3d 387, 389-90 (5th Cir. 2006), petition for cert. filed (Sept. 28, 2006) (No. 06-477). Thus, dismissal of Abbas's appeal pursuant to § 1229c(d) was within the discretion of the BIA. Zhao v. Gonzales, 404 F.3d 295, 303-04 (5th Cir. 2005).

PETITION FOR REVIEW DENIED.