United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60861
Summary Calendar

AMBROSE ONYE ESOGBUE,

                                    Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                    Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A20 677 387
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Ambrose Onye Esogbue, a Nigerian, petitions this court for
review of the Board of Immigration Appeal's (BIA) order denying
his motion to reopen his deportation proceedings.  On appeal,
Esogbue argues the various deficiencies in his deportation
proceedings.  Because Esogbue did not appeal the BIA's
affirmance, only the BIA's denial of Esogbue's motion to reopen
is at issue in this petition.  See Guevara v. Gonzales, 450 F.3d
173, 176 (5th Cir. 2006).  The BIA denied the motion to reopen as
untimely.  Esogbue makes no arguments concerning the BIA's

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination that his motion to reopen was untimely other than to assert that his claims should not be dismissed on technical grounds. Esogbue has, therefore, waived review of that issue. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986). Because Esogbue has waived the only issue before us, we pretermit consideration of any jurisdictional issues regarding our review. See Madriz-Alvarado v. Ashcroft, 383 F.3d 321, 327-28 (5th Cir. 2004). Esogbue's petition for review is DENIED.

By a document dated July 27, 2005, and filed on August 25, 2005, Esogbue moved the district court for review of the denial of his application for naturalization. The district court construed this as a petition under 28 U.S.C. § 2241 challenging Esogbue's deportation order. Esogbue argues that the transfer order was error because his petition in the district court sought direct review of the denial of his naturalization application and should not have been construed as a § 2241 petition attacking his deportation order. Esogbue has moved to supplement the record with respect to the denial of his application for naturalization. The motion to supplement the record is GRANTED.

The district court transferred the case to this court pursuant to the Real ID Act. See Real ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, 302-11 (May 11, 2005); see Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006). Because Esogbue's 28 U.S.C. § 2241 petition was not pending in the

district court on May 11, 2005, the district court's transfer of the case to this court under the Real ID Act was improper.  Given that the transfer was improper and Esogbue's argument that the pleading was not a § 2241 petition in the first instance, the transfer is VACATED and REMANDED to the district court for additional proceedings.