# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 07-60040
Summary Calendar

WAYNE CALAME, also known as Wayne Christopher Calame

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 885 968

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Wayne Calame has petitioned for review of the decision of the Bureau of Immigration Appeals (BIA) denying his appeal of the decision of the Immigration Judge (IJ) denying Calame's request for withholding of removal and for relief under the Convention Against Torture (CAT). The BIA agreed with the IJ's determinations: that Calame was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony, under § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance violation, and under § 1227(a)(1)(B), as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a nonimmigrant overstay. The BIA agreed that Calame's conviction of attempted criminal sale of cocaine was "for a drug trafficking offense that is both an aggravated felony and a particularly serious crime, so as to render the respondent ineligible for asylum and withholding of removal" and that Calame had failed to meet his burden of proof under the CAT. Calame timely filed his petition for review of the BIA's decision. Thereafter, Calame filed several motions to reopen and/or for reconsideration, all of which were denied. Calame did not petition for review of the decisions denying the motions to reopen and/or for reconsideration.

Calame contends that he was denied due process and that he received ineffective assistance of counsel because he was advised to plead true to the allegation that he had been convicted in New York of attempted criminal sale of a controlled substance in the third degree. He contends that his plea was unknowing and involuntary and that he was not advised of the consequences of his plea, as it made him ineligible for adjustment of status. He complains that he was not permitted to testify and to explain the circumstances of the offense and that counsel failed to call other witnesses on his behalf. Calame argues that counsel knew that the IJs at the Oakdale detention facility never grant relief under the CAT and that, accordingly, it was unreasonable for counsel to adopt a strategy that left him ineligible for other relief. Calame contends that his conviction was for attempted criminal possession of cocaine, not attempted criminal sale of cocaine. Calame contends that his New York conviction was not a drug-trafficking aggravated felony because there was no showing that the offense involved a "sale." He contends that the offense would not be considered a felony under the Controlled Substances Act. Calame contends also that he is entitled to cancellation of removal under the International Covenant for Civil and Political Rights.

Although the foregoing issues were raised in Calame's motions to reopen and/or for reconsideration, they were not raised on direct appeal. The "BIA's

denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review." Guevara v. Gonzales, 450 F.3d 173, 176 (5th Cir. 2006) (quotation marks omitted). Because Calame has not petitioned for review of the BIA's decisions denying the motions to reopen and/or for reconsideration, this court does not have jurisdiction over the issues raised only in those motions. See id.; Navarro-Miranda v. Ashcroft, 330 F.3d 672, 676 (5th Cir. 2003).

Calame contends in his reply brief that the BIA erred in determining that his state offense was a "particularly serious crime." Because this issue was not raised in Calame's opening brief, we have not considered it. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Calame raises no issue with respect to the BIA's denial of relief under the CAT. Issues that are not briefed are waived. See Thuri v. Ashcroft, 380 F.3d 788, 793 (5th Cir. 2004). The petition is

DENIED.