# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-60197
Summary Calendar

MUDASSIR MOHAMED BHIWANDIWALA,

Petitioner,

v.

MICHAEL B. MUKASEY, U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 801 905

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mudassir Mohamed Bhiwandiwala, a native and citizen of India, was charged with being an alien remaining in the United States longer than permitted. Before the Immigration Judge (IJ), Bhiwandiwala applied for an adjustment of status and a waiver of inadmissability. The IJ concluded that Bhiwandiwala was removable, and that Bhiwandiwala's applications for adjustment of status and for waiver of inadmissability were pretermitted. Bhiwandiwala appealed to the Board of Immigration Appeals (BIA), which

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

dismissed because Bhiwandiwala failed to provide specific reasons for the appeal, and because the record did not indicate that Bhiwandiwala filed, within the time set for filing a brief, a statement in support of the appeal or an explanation of why no such document had been filed.

Bhiwandiwala argues that the BIA abused its discretion in dismissing his appeal. His argument is couched in terms of ineffective assistance of counsel: the BIA allegedly abused its discretion in dismissing Bhiwandiwala's appeal because his failure to properly file his appellate documents was the fault of his attorney.[1]

This court lacks jurisdiction to consider Bhiwandiwala's argument. The parties agree that Bhiwandiwala filed with the BIA a motion to reopen his appeal based on his claim of ineffective assistance. However, the BIA denied that motion after Bhiwandiwala filed the instant petition for review. As such, the instant review pertains only to the BIA's initial dismissal of Bhiwandiwala's appeal, not to the BIA's subsequent refusal to reopen on ineffective assistance grounds. The court's cognizance of the latter disposition does not mean that it may conveniently review both BIA orders together. Rather, pursuant to our decision in Guevara v. Gonzales, 450 F.3d 173, 176 (5th Cir. 2006), each order must be challenged in a different petition for review, as each is a separate "final order." Because the instant petition for review pertains only to the BIA's initial

---

[1] Bhiwandiwala peppers his brief with the phrase "due process," as if to suggest a distinct due process claim. However, his "due process" argument merely restates his abuse of discretion argument premised on ineffective assistance.

In any event, any due process argument based on these facts would not be cognizable. According to Bhiwandiwala, the only point of error expressly raised on appeal to the BIA was that the Immigration Judge erred in denying his Adjustment of Status application. "[D]iscretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection." Ahmed v. Gonzales, 447 F.3d 433, 440 (5th Cir. 2006); see also Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004) ("'[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" (quoting Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999)).

dismissal of Bhiwandiwala's appeal, the court lacks jurisdiction to review herein his ineffective assistance argument.

To the extent Bhiwandiwala's brief may reasonably be read to include an abuse-of-discretion argument not rooted in ineffective assistance of counsel, the court fails to see how the BIA abused its discretion in enforcing administrative rules governing appeals before the BIA. See 8 C.F.R. § 1003.3(c)(1) ("In its discretion, the Board may consider a brief that has been filed out of time.").

Bhiwandiwala's petition for review is DENIED.