# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2010

No. 10-60059
Summary Calendar

Lyle W. Cayce
Clerk

SHABBIR AHMED PUNAWALA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 616 502

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Shabbir Ahmed Punawala, a native and citizen of India, petitions this court for review of an order of the Board of Immigration Appeals (BIA). In his brief, Punawala appears to challenge both the BIA's dismissal of his appeal of the immigration judge's (IJ) denial of withholding of removal and the BIA's denial of his motion to reconsider. The Respondent has moved for summary affirmance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As the Respondent correctly argues, because Punawala did not file a separate petition for review from the BIA's dismissal of his appeal from the IJ's denial of withholding of removal, we lack jurisdiction to review the BIA's decision dismissing his appeal. *See Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006).

We do, however, have authority to review the BIA's discretionary action in ruling on Punawala's motion for reconsideration. *See Zhao v. Gonzales*, 404 F.3d 295, 302-03 (5th Cir. 2005). We review the denial of a motion to reconsider under a "highly deferential abuse of discretion standard." *Id.* at 303. The BIA's decision on Punawala's reconsideration motion easily meets this standard.

Punawala's motion failed to specify any errors of fact or law in the BIA's decision dismissing his appeal from the IJ's denial of withholding of removal. *See* 8 U.S.C. § 1229a(c)(6)(C). Punawala merely recycled the legal arguments he raised in his earlier appeal. The BIA's denial of the motion for reconsideration was not arbitrary or even unreasonable. *See Zhao*, 404 F.3d at 304.

Although Punawala now avers that he established "a past pattern of persecution" so as to give rise to a presumption of future persecution and that the IJ and BIA erred in not shifting the burden of rebutting that presumption to the Respondent, he did not raise this precise argument in his motion for reconsideration. Because Punawala has not exhausted this issue by raising it before the BIA, this court's consideration of the issue is jurisdictionally barred. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

For the foregoing reasons, we DISMISS Punawala's petition in part and DENY it in part. We GRANT the Respondent's motion for summary affirmance.