# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-60015
Summary Calendar

January 25, 2013

Lyle W. Cayce
Clerk

JUANA CASTRO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 062 089

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juana Castro, a native and citizen of Mexico, has filed a petition for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from the Immigration Judge's (IJ) denial of her application for cancellation of removal. The IJ and BIA found that Castro had failed to establish that two of her children, who are United States citizens, would suffer exceptional and extremely unusual hardship if she is removed to Mexico. *See* 8 U.S.C. § 1229b(b)(1)(D).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Castro first argues that the BIA erred in affirming the IJ's finding that any hardship to her children resulting from the separation of the family would be a result of her personal choice to leave them in the United States rather than a consequence of her removal. She asserts that *Matter of Ige,* 20 I. & N. Dec. 880 (BIA 1994), held that hardship to the children left in the United States is not considered a result of the alien's personal choice if the children would suffer hardship in the country of removal. We would have jurisdiction to consider this legal question. *See* 8 U.S.C. § 1252(a)(2)(B)(1), (a)(2)(D). However, because Castro failed to present the claim to the BIA, it is unexhausted; therefore, we lack jurisdiction to consider this claim and her petition for review is dismissed in part. *See* § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Although Castro raised this claim to the BIA in a motion to reconsider, because she did not file a separate petition for review from that motion, we would lack jurisdiction to consider that motion. *See Guevara v. Gonzales,* 450 F.3d 173, 176 (5th Cir. 2006) (requiring separate petitions for review); *Stone v. INS,* 514 U.S. 386, 405 (1995) (stating that timely filing of petition for review is mandatory and jurisdictional).

Next, although the IJ stated that Castro must show that her removal would result in an "exceptional and extremely unusual hardship" to her children, she argues that the IJ and BIA effectively applied a higher "unconscionable hardship" standard to her claim. Because Castro did not exhaust this claim before the BIA, we lack jurisdiction to consider it and her petition for review is dismissed in part. *See Roy*, 389 F.3d at 137.

Castro argues that the BIA acted capriciously in denying relief because the facts of her case are similar to, or are even more deserving of relief than, other cases in which the IJ or BIA granted cancellation of removal. In effect, Castro is asking this court to reweigh the discretionary decision to deny her application for cancellation of removal. Because we do not have jurisdiction to do so, *see* § 1252(a)(2)(B)(i), her petition is dismissed in part.

No. 12-60015

Finally, Castro argues that the IJ and BIA failed to comply with caselaw requiring that the factors relevant to a hardship determination be considered in the aggregate. As this presents a legal question, and Castro exhausted this claim before the BIA, we do have jurisdiction to consider it. However, we find that both the IJ and BIA recognized the requirement to consider the factors in the aggregate but concluded that, even when considered in the aggregate, Castro had not shown that the hardships her children would face rose to the level of an "exceptional and extremely unusual hardship." Because Castro has not shown error on this point, her petition is denied in part.

PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.