# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2013

No. 12-60688
Summary Calendar

Lyle W. Cayce
Clerk

ERICK NICOLAS-MORALES; CARLOS NICOLAS-MORALES,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 487 331
BIA No. A087 487 332

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioners Erick and Carlos Nicolas-Morales, who are brothers and native citizens of Mexico, petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeals from the Immigration Judge's (IJ) denial of their applications for (1) asylum, (2) withholding of removal, and (3) relief under the Convention Against Torture (CAT). They also seek review of the BIA's denial of their motion for reconsideration. Because Erick and Carlos filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petitions for review from both the initial BIA order and its order on reconsideration, we have jurisdiction to review both orders. *See Guevara v. Gonzales,* 450 F.3d 173, 176 (5th Cir. 2006).

We review the order of the BIA, and we will consider the underlying decision of the IJ, only if it influenced the BIA's determination. *Mikhael v. INS,* 115 F.3d 299, 302 (5th Cir. 1997). We will uphold the BIA's factual findings if they are supported by substantial evidence. *Silwany-Rodriguez v. INS*, 975 F.2d 1157, 1160 (5th Cir. 1992). Applicants must show that the record evidence is "so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

As an initial matter, we do not address the timeliness of the asylum applications. Although the IJ found that the applications were untimely, the BIA, on reconsideration, found it unnecessary to address timeliness because Erick and Carlos had not shown that they were eligible for asylum. We therefore turn to the merits of their claims.

Asylum may be granted to an alien who is outside of his or her country and is "unable or unwilling to return because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994) (internal quotation marks and citation omitted). To establish persecution, an "alien must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least *one central reason for persecuting* the applicant." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

We conclude that the BIA's determination that Erick and Carlos failed to demonstrate that their status as gypsies was at least one central reason for the Julupesty's attacks on their family is supported by substantial evidence. The evidence adduced showed that the Julupesty were interested only in extracting

money and that they engaged in violence to further compliance with their criminal demands. Acts motivated by a desire for financial gains do not constitute persecution under any of the protected categories. *See Shaikh*, 588 F.3d at 864. Erick and Carlos assert that their family was targeted because the Julupesty know that police will not intervene in what they believe to be "internal" gypsy matters. In light of other evidence showing that the police do investigate the Julupesty's crimes, however, the evidence does not *compel* a conclusion that Erick's and Carlos's statuses as gypsies was at least one central reason why they were targeted. *See Chen*, 470 F.3d at 1134; *Shaikh,* 588 F.3d at 864.

The IJ and BIA also rejected Erick's and Carlos's claims for withholding of removal. An applicant who fails to meet the less stringent standards for asylum is necessarily unable to meet the more stringent standards for withholding of removal. *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). As with petitioners' asylum claims, the evidence does not *compel* a conclusion that they have established eligibility for withholding of removal.

Finally, Erick and Carlos seek relief under the CAT. Torture is defined as "any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). The BIA's determination that an alien is not eligible for CAT relief will be upheld unless a "reasonable adjudicator would be compelled to conclude to the contrary." *Chen,* 470 F.3d at 1134. Erick and Carlos argue that the BIA erred in ruling that there had been no showing that the Mexican government would acquiesce in torture because they had presented evidence that Mexican officials declined to get involved in "internal" gypsy matters. However, the record also shows that Mexican officials have issued arrest warrants and pursued Julupesty perpetrators. Erick and Carlos

have failed to show that the evidence *compels* a conclusion that Mexican officials would consent to or acquiesce in acts of torture by the Julupesty. *See Chen,* 470 F.3d at 1134.

The petitions for review are DENIED.