# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2014

Lyle W. Cayce
Clerk

No. 13-60200
Summary Calendar

BURIM HALITI,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 075  376  816

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Burim Haliti petitions this court for review of the decision of the Board

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60200

of Immigration Appeals ("BIA") denying his motion to reconsider its dismissal of his appeal of the denial of his motion to reopen. He contends that the immigration judge ("IJ") erred in denying his motion to reopen and that the BIA erred in affirming that denial. He contends that his removal proceedings should have been reopened because he never received notice of his hearing.

On October 16, 2012, the BIA affirmed the IJ's denial of Haliti's motion to reopen and dismissed Haliti's appeal. Haliti did not file with this court a petition for review of the BIA's dismissal of his appeal but instead filed with the BIA a motion for reconsideration of the dismissal. Because Haliti did not file a timely petition for review of the BIA's order dated October 16, 2012, this court lacks jurisdiction over that order. *Stone v. INS*, 514 U.S. 386, 405−06 (1995); *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006). This court's jurisdiction therefore extends only to the BIA's February 27, 2013, order denying Haliti's motion for reconsideration.

Although Haliti filed a timely petition for review of the BIA's denial of his motion for reconsideration, he fails to analyze the BIA's reasons for denying the motion, which the BIA provided in a clearly worded, succinct opinion. Haliti has therefore abandoned the only issue that is before this court, which is whether the BIA abused its discretion by denying his motion for reconsideration. *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010).

Accordingly, the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.