# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60739
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2015

Lyle W. Cayce
Clerk

EDWIN GIOVANNI RETANA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 809 199

Before HIGGINBOTHAM, JONES and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Edwin Giovanni Retana, a native and citizen of Guatemala, applied for cancellation of removal under 8 U.S.C. § 1229b(b). The immigration judge ("IJ") and the Board of Immigration Appeals ("BIA") determined that Retana failed to demonstrate that a qualifying relative would suffer an exceptional and extremely unusual hardship if he were deported. Retana filed a motion to reconsider, which the BIA denied, concluding that its decision denying his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal had neither been based on a factual or legal defect nor overlooked any of his arguments.

Retana filed a petition for review that was timely only from the denial of the motion to reconsider. *See* 8 U.S.C. § 1252(b)(1); *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006). In his opening brief, Retana argues that the IJ considered an improper factor in denying him relief and that the BIA failed to properly analyze the hardship his children would face if he is deported. Because Retana did not timely petition for review of the BIA's dismissal of his appeal, we lack jurisdiction to review these claims of error, as they relate to the underlying ruling on Retana's appeal of his removal order. *See Guevara*, 450 F.3d at 176; *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

For the first time in his reply brief, Retana argues that the BIA committed an error of law by concluding that having an alternative means of immigrating necessarily undercut his hardship showing. We generally do not entertain arguments raised for the first time in a reply brief. *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009). Further, to the extent that this argument attacks the underlying BIA decision rather than the denial of the motion for reconsideration, we lack jurisdiction, as explained above.

Retana moved for a stay of deportation pending our decision. That motion is denied.

PETITION DISMISSED FOR LACK OF JURISDICTION; MOTION DENIED.