# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60003
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2019

Lyle W. Cayce
Clerk

SOMSAK SAE KU, also known as Somsak Saeku,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A039 065 507

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Somsak Sae Ku (Sae Ku) petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reconsider its dismissal of his appeal from the immigration judge's (IJ) order of removal. He argues that the IJ committed error by ordering his removal and that the BIA erred by affirming the IJ's determination that he failed to show that he was a United States citizen based on his naturalization and/or adoption by his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60003

stepfather and by determining that there were no violations of his procedural due process rights during the underlying immigration proceedings.

On September 22, 2017, the BIA affirmed the IJ's decision and dismissed Sae Ku's appeal. Sae Ku did not file with this court a petition for review of the BIA's dismissal of his appeal. Rather, he filed a motion with the BIA for reconsideration of the dismissal. On December 18, 2017, the BIA denied reconsideration. Sae Ku filed a timely petition for review in connection with the denial of his motion for reconsideration. Because Sae Ku did not file a petition for review of the BIA's September 22, 2017 decision that affirmed the IJ's decision and dismissed his appeal, this court lacks jurisdiction over that decision. *Stone v. INS*, 514 U.S. 386, 405-06 (1995); *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006). This court's jurisdiction therefore extends only to the BIA's December 18, 2017 denial of reconsideration.

Sae Ku fails to analyze the BIA's reasons for denying his motion to reconsider, which the BIA provided in a clearly worded, succinct opinion. Rather than address the BIA's rationale, explain why the BIA's conclusions constitute error, and explain why the order constitutes an abuse of discretion, *see Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008), Sae Ku's arguments focus on the IJ's determination that he was not a U.S. citizen and various alleged violations of procedural due process. Sae Ku fails to explain why reconsideration was warranted by the BIA. Sae Ku's failure to address the rationale set forth in the BIA's denial of his motion for reconsideration constitutes a waiver of the only issue that is before this court—whether the BIA abused its discretion by denying Sae Ku's motion for reconsideration. *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010); FED. R. APP. P. 28(a)(8). Regardless of any failure by Sae Ku to brief the relevant issue, the BIA did not abuse its discretion by denying the motion for reconsideration, *see*

No. 18-60003

*Chambers,* 520 F.3d at 448, because he merely rehashed the same arguments in that motion that were raised and rejected in his appeal to the BIA.  *See Matter of O–S–G–,* 24 I. & N. Dec. 56, 58 (BIA 2006) (holding that "a motion to reconsider is not a process by which a party may submit, in essence, the same brief presented on appeal and seek reconsideration by generally alleging error in the prior Board decision"); *see also Omari v. Holder*, 562 F.3d 314, 319 (5th Cir.2009) (citing *O–S–G–* approvingly).

Accordingly, Sae Ku's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.  His motions for appointment of counsel and for judicial notice are DENIED.