# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60800
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2019

Lyle W. Cayce
Clerk

MAIRA DE LOS ANGELES ARGUETA-MARTINEZ; CARLOS STEVEN
CARRANZA-ARGUETA,

Petitioners

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 742 678
BIA No. A208 742 679

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Maira De Los Angeles Argueta-Martinez and her minor son, Carlos Steven Carranza-Argueta, are natives and citizens of El Salvador. After an Immigration Judge ("IJ") denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), the Board of Immigration Appeals ("BIA") dismissed their appeal of the IJ's decision and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied their motions to reconsider and reopen.  They now petition this court for review of the BIA's decision regarding their applications for asylum, withholding of removal, and CAT relief.  They also challenge the BIA's denial of their motion to reopen and reconsider.

The petitioners did not argue before the BIA, as they do here, that their notices to appear were defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and therefore, that the IJ lacked jurisdiction over their immigration proceedings.  Because the petitioners failed to exhaust their administrative remedies as to this issue, we lack jurisdiction to consider it.  *Omari v. Holder*, 562 F.3d 314, 320–21 (5th Cir. 2009).  We likewise lack jurisdiction to consider the BIA's April 11, 2017 order dismissing the petitioners' appeal of the IJ's decision denying relief because they did not file a petition for review of that order.  *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006) (citing *Stone v. INS*, 514 U.S. 386, 390 (1995)); 8 U.S.C. § 1252(b)(1).

With respect to the motion to reopen, we lack jurisdiction to review the BIA's decision that the petitioners were not entitled to a *sua sponte* reopening of their immigration proceedings. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248–50 (5th Cir. 2004), *overruled on other grounds by Mata v. Lynch,* 135 S. Ct. 2150, 2155–56 (2015).  We also lack jurisdiction to consider the petitioners' newly raised, and therefore unexhausted, argument that they were entitled to equitable tolling of the applicable limitations period in connection with their motion to reopen pursuant to 8 U.S.C. § 1229a(c)(7).  *See Omari*, 562 F.3d at 320–21.  Because the petitioners do not address the denial of the motion to reconsider, they have abandoned the issue by failing to adequately brief it. *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.