# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2020

No. 18-60558
Summary Calendar

Lyle W. Cayce
Clerk

SARA LOURDES GUERRA-DE CARDOZA; EMILIA VALENCIA-DE GUERRA; JACQUELINE PAOLA CARDOZA-GUERRA; CARLOS ANTONIO CARDOZA-GUERRA; GENESIS VALERIA CARDOZA-GUERRA,

Petitioners

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 274 075
BIA No. A208 274 076
BIA No. A208 274 077
BIA No. A208 274 078
BIA No. A208 274 079

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Petitioners Sara Lourdes Guerra-De Cardoza (Guerra), on behalf of herself and her three children, and Guerra's mother, Emilia Valencia-De Guerra (Valencia), natives and citizens of El Salvador, seek review of the Board of

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60558

Immigration Appeals' (BIA) dismissing their consolidated appeal from the immigration judge's (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). (Because petitioners fail to brief any challenge to the denied CAT relief, this claim is abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (citation omitted).)

Guerra contends the BIA erred by finding her proposed social group—"Salvadoran women unable to escape domestic violence by their domestic partners"—is not cognizable. More specifically, she claims the BIA incorrectly: gave retroactive effect to *Matter of A-B-*, 27 I. & N. Dec. 316 (Att'y Gen. 2018), *vacated in part, Grace v. Whitaker*, 344 F. Supp. 3d 96 (D.D.C. 2018), *appeal docketed*, No. 19-5013 (D.C. Cir. 30 Jan. 2019); and concluded her proposed group was principally defined by characteristics of the alleged persecution and was impermissibly circular. Valencia contends the BIA erred by finding the claimed persecution was motivated by the alleged persecutor's (Guerra's former partner) desire for money, rather than by membership in her proposed particular social group, "immediate family members" of Guerra. (Before the BIA, Valencia also contended she was a member of a group comprised of "Salvadoran women unable to escape domestic violence from a child's partner". Her failure, however, to brief any challenge to the BIA's finding this group non-cognizable has abandoned the issue. *See Soadjede*, 324 F.3d at 833 (citation omitted).)

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA's decision), our court reviews legal conclusions *de novo*; factual findings, for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012) (citations omitted). On substantial-evidence review, a factual finding will not be disturbed unless petitioner demonstrates "that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id*. at 518 (citation omitted). Among such factual findings are an

alien's not being eligible for asylum or withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (citations omitted).

To be eligible for asylum, an alien must show, *inter alia*, she was persecuted, or has a well-founded fear of future persecution, based on a statutorily protected ground: "race, religion, nationality, membership in a particular social group, or political opinion". *Orellana-Monson*, 685 F.3d at 518 (italics and citations omitted). In this instance, petitioners claim membership in several particular social groups, each of which requires petitioners' "show[ing] that they are members of a group of persons that share a common immutable characteristic that they either cannot or should not be required to change because [the characteristic] is fundamental to [their] individual identities or consciences". *Id.* (citations and internal quotation marks omitted). Such a group must, *inter alia*: be particular; "exist independently of the harm asserted"; and not be defined circularly by the persecution suffered. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 230, 232 (5th Cir. 2019) (citations and internal quotation marks omitted).

Regarding Guerra's retroactivity claim, 8 U.S.C. § 1252(d)(1)'s administrative-exhaustion requirement for review of final orders of removal means this issue must have been raised in the first instance before the BIA, either in a motion to reopen or motion for reconsideration, for our court to have jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 319–21 (5th Cir. 2009) (citations omitted) (holding claims of error in "BIA's act of decisionmaking" that "neither party could have possibly raised prior to the BIA's decision" must first be exhausted through "available and adequate means", including motions to reopen and for reconsideration). Guerra's briefing asserts: she filed a motion for reconsideration with the BIA that raised this issue; and this motion remains pending (as of 29 March 2019, when Guerra filed her reply brief; the record does not disclose the motion's status). Her petition for review, however, seeks review only of the BIA's order of removal, issued when it dismissed her appeal from the IJ's denying relief, and does not seek review of any motion for reconsideration.

No. 18-60558

Because the "BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which requires their own petitions for review", *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006) (citations omitted), our court lacks jurisdiction to consider this issue in this petition for review.

For Guerra's claim that the BIA erred by concluding her proposed social group was principally defined by characteristics of the alleged persecution and was impermissibly circular, she did not raise this claim before the BIA, instead analogizing to the now-overruled *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014), *overruled by Matter of A-B-*, 27 I. & N. Dec. 316 (Att'y Gen. 2018). Because this failure means the issue is unexhausted, our court lacks jurisdiction to review it. *See, e.g., Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001) (citations omitted).

As for Valencia's claim the BIA erred by finding the claimed persecution was not motivated by her membership in her asserted particular social group ("immediate family members" of Guerra), Valencia, Guerra, and Guerra's oldest daughter each testified they believed Guerra's former partner (the alleged persecutor) targeted the family because he wanted money. The BIA (as did the IJ) relied on this testimony to find the alleged persecution was not motivated by Valencia's membership in her claimed social group. She has not demonstrated that no reasonable factfinder could have reached a contrary conclusion. *See Orellana-Monson*, 685 F.3d at 518 (citation omitted).

Regarding withholding of removal, because neither Guerra nor Valencia has established a protected ground for asylum, their withholding claims necessarily fail. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

DISMISSED IN PART; DENIED IN PART.