# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2021

No. 20-60190
Summary Calendar

Lyle W. Cayce
Clerk

MIRIAN ERVIS DIAZ-DIAZ; ASHLY STEFANY MARTINEZ-DIAZ;
YENNY CATALINA DIAZ; SANDIVEL CAMILA DIAZ,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 557 958
BIA No. A208 557 959
BIA No. A208 557 960
BIA No. A208 557 961

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Mirian Ervis Diaz-Diaz and her three minor children seek review of two decisions by the Board of Immigration Appeals: (1) its July 2019 decision, affirming the Immigration Judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture; and (2) its February 2020 decision, denying their motion to reconsider or reopen. We dismiss the petition for lack of jurisdiction insofar as it seeks review of the July 2019 decision, and we deny the petition insofar as it seeks review of the February 2020 decision.

Mirian Ervis Diaz-Diaz and her three children, who are natives and citizens of El Salvador, entered the United States in October 2015. The next month, they were charged with being removable from the United States. In August 2017, Diaz-Diaz filed applications for asylum, withholding of removal, and protection under the Convention Against Torture for herself and her children. Diaz-Diaz received a hearing and testified before an Immigration Judge.

On January 12, 2018, the IJ denied the applications for relief. Diaz-Diaz timely appealed to the BIA. The BIA adopted and affirmed the IJ's decision and dismissed the appeal on July 16, 2019. Diaz-Diaz then filed a motion to reconsider on August 22, 2019. On February 25, 2020, the BIA denied the motion to reconsider; in its decision, the BIA also construed that motion as a motion to reopen, which it denied. Diaz-Diaz filed this petition for review on March 12, 2020.

We first determine whether we have jurisdiction over Diaz-Diaz's petition for review. Under 8 U.S.C. § 1252(b)(1), an individual must file a petition for review "not later than 30 days after the date of the [BIA's] final order of removal." This 30-day filing deadline is jurisdictional. *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003). Because "[t]he BIA's denial of an appeal and its denial of a motion to reconsider [or reopen] are

No. 20-60190

two separate final orders," each BIA decision in this case requires its own petition for review, which must be filed during that 30-day window. *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006); *see also* 8 U.S.C. § 1252(6). Diaz-Diaz did not file a petition for review within 30 days of the BIA's July 2019 decision, so we lack jurisdiction to consider any challenges to that decision.

Diaz-Diaz did, however, file a petition for review within 30 days of the BIA's February 2020 decision, so we have jurisdiction over that decision. In her petition, Diaz-Diaz does not challenge the denial of the motion to reconsider or reopen; instead, her petition focuses exclusively on the BIA's July 2019 decision. Though we would have jurisdiction to consider the BIA's February 2020 decision, Diaz-Diaz has abandoned any challenge to that decision. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, the petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.