# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2022

Lyle W. Cayce
Clerk

No. 20-60695
Summary Calendar

Duglas Igdali Argueta, *also known as* Balmore Ayala,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 480 660

Before Davis, Jones, and Higginson, *Circuit Judges.*

Per Curiam:*

Duglas Igdali Argueta, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal from an immigration judge's denial of his application for relief under the Convention Against Torture (CAT). He also seeks review of a separate

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60695

decision of the BIA dismissing his appeal from an immigration judge's denial of his motion to reopen his 2006 removal proceedings and to rescind the reinstatement of his in absentia removal order.

Our court has jurisdiction to review a petition for review if filed within 30 days of the challenged BIA order. 8 U.S.C. § 1252(b)(1). In this matter, the BIA issued its decision dismissing Argueta's appeal of the denial of his motion to reopen on September 20, 2019, and the petition for review was not filed until August 3, 2020. Thus, we lack jurisdiction to review the issues raised in Argueta's brief regarding the motion to reopen. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995); *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006).

Turning to Argueta's CAT claim, an applicant bears the burden of demonstrating eligibility for relief. *See* 8 C.F.R. § 1208.16(c)(2); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006). If an applicant's testimony is credible but not sufficient to satisfy the requisite burden of proof by itself, the immigration judge may require the submission of reasonably available corroborating evidence. 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Yang v. Holder*, 664 F.3d 580, 585-86 (5th Cir. 2011). We must uphold "a determination made by a trier of fact with respect to the availability of corroborating evidence unless the court finds that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Yang*, 664 F.3d at 587 (quoting 8 U.S.C. § 1252(b)(4)).

Here, the record does not compel the conclusion that corroborating evidence was not reasonably available to Argueta. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 769 (5th Cir. 2020); *Yang*, 664 F.3d at 587. Given the lack of evidence to corroborate his allegations, Argueta has not shown that he is entitled to CAT relief. *See Yang*, 664 F.3d at 587. Thus, we need not reach

No. 20-60695

his other CAT-related issues on review.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

DISMISSED IN PART; DENIED IN PART.