# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2023

Lyle W. Cayce
Clerk

_____

No. 22-60194
Summary Calendar
_____

ANDREIA SOUSA-SANTOS,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 592 886

_____

Before SMITH, SOUTHWICK, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Andreia Sousa-Santos, appearing *pro se*, is a native and citizen of Brazil. She petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion for reconsideration of her first motion to reopen and the denial of her second motion to reopen. She was ordered removed *in absentia* in 2004. In 2019, she filed her first motion to reopen on

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-60194

the grounds that she was seeking asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

We review *de novo* "the legal question of our own jurisdiction." *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021). Because Sousa-Santos did not file a separate petition for review of the dismissal of her appeal from the immigration judge's denial of her first motion to reopen, we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(b)(1); *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006) (holding that "the BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review") (quotation marks and citations omitted). To the extent that Sousa-Santos is challenging the BIA's discretionary denial of *sua sponte* relief with respect to her second motion to reopen, we similarly lack jurisdiction to review it. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 & n.5 (5th Cir. 2017) ("we cannot consider the BIA's or the [immigration judge's] refusal to reopen *sua sponte*"). Relatedly, to the extent that Sousa-Santos is challenging the denial of her motion for statutory reopening pursuant to Section 1229a(c)(7), she cannot prevail because she is number-barred, as this is her second motion to reopen. *See* § 1229a(c)(7)(A) ("[a]n alien may file one motion to reopen proceedings under this section"); *see also Djie v. Garland*, 39 F.4th 280, 284 (5th Cir. 2022).

"We review the BIA's denial of a motion for reconsideration under a highly deferential abuse-of-discretion standard." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). Here, Sousa-Santos has failed to identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked in finding that she did not establish a change in country conditions because she failed to present evidence of Brazil's country conditions at the time of her 2004 removal order. *See id.*; *Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018). Thus, the BIA did not abuse its discretion

No. 22-60194

in denying her motion for reconsideration of her first motion to reopen. To the extent that Sousa-Santos raises the procedural argument that the BIA erroneously used a single-member panel, rather than one with three members, to hear her motion for reconsideration, we lack jurisdiction to reach that issue because it concerns the BIA's unreviewable discretionary decision. *See Cantu-Delgadillo v. Holder*, 584 F.3d 682, 691 (5th Cir. 2009).

Finally, Sousa-Santos has abandoned her issues related to credibility, exceptional circumstances, and summary dismissal due to her failure to brief them. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *see also Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011) (holding that while we will liberally construe the briefs of *pro se* litigants and apply a less stringent standard to them, *pro se* litigants "must still brief the issues") (quotation marks and citation omitted).

Accordingly, Sousa-Santos's petition for review is DISMISSED in part and DENIED in part.