# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2013

No. 12-60371
Summary Calendar

Lyle W. Cayce
Clerk

MARIA LIZETTE CARMONA-FLORES,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 683 700

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Maria Lizette Carmona-Flores, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals ("BIA") denying her motion for reconsideration of its order dismissing her appeal of an immigration judge's order denying her motion to reopen removal proceedings. She argues that her motion to reopen should have been granted by the immigration judge because she is entitled to equitable tolling of the limitations period based on the following factors: (1) she made a *prima facie* showing of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

eligibility for adjustment of status, and (2) she exercised due diligence in seeking relief. She also argues that the foregoing factors support the exercise of the BIA's power to reopen the proceedings *sua sponte*.

Carmona-Flores's argument that her motion to reopen was subject to equitable tolling is aimed at the denial of her motion to reopen, not at the denial of her motion for reconsideration. However, Carmona-Flores did not file a separate petition for review of the BIA's decision dismissing her appeal of the denial of the motion to reopen. Accordingly, this court lacks jurisdiction to review the arguments raised in Carmona-Flores's appeal brief regarding the motion to reopen. *See Stone v. INS*, 514 U.S. 386, 394-95 (1995); *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006).

The BIA determined that Carmona-Flores's motion for reconsideration should be denied as untimely. Carmona-Flores does not make any arguments in her brief that relate to the BIA's determination that her motion was untimely. She has therefore abandoned that issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Carmona-Flores's petition for review of the BIA's decision denying her motion for reconsideration is therefore denied.

To the extent that Carmona-Flores challenges the BIA's refusal to reopen the proceedings *sua sponte*, this court lacks jurisdiction to consider her argument. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004). Accordingly, Carmona-Flores's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.