# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 7, 2013

Lyle W. Cayce
Clerk

No. 13-60013
Summary Calendar

CRISTIAN MAURICIO MUNOZ-PINEDA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 677 808

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cristian Mauricio Munoz-Pineda (Munoz), a citizen of El Salvador, petitions this court for review following the decision of the Board of Immigration Appeals (BIA) denying his motion for reconsideration. Munoz sought reconsideration of the BIA's order affirming the decision of the immigration judge (IJ) denying Munoz's motion to reopen his removal proceedings. The removal order had been issued in absentia after Munoz failed to appear at the removal proceedings. The motion to reopen was filed over five years later, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2011, and was supported only by an unsworn personal declaration. In denying the motion for reconsideration, the BIA determined that the motion to reopen was "untimely by several years" and that Munoz's unsworn personal declaration was not entitled to any evidentiary weight in support of his claim of changed country conditions.

The BIA's denial of a motion for reconsideration is reviewed "under a highly deferential abuse-of-discretion standard." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (quotation marks omitted). To succeed on a motion for reconsideration, the petitioner must "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005).

The denial of an appeal and the denial of a motion for reconsideration are two separate final orders, each of which requires its own petition for review. *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006). Munoz did not timely petition for review of the BIA's September 28, 2012 decision regarding his motion to reopen. *See* 8 U.S.C. § 1252(b)(1) (noting that a petition for review must be filed within 30 days). Accordingly, we do not have jurisdiction to consider Munoz's arguments challenging the denial of the motion to reopen. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995); *Carmona-Flores v. Holder,* 509 F. App'x 365, 366 (5th Cir. 2013).

Further, Munoz's petition for review merely restates the arguments he presented to the BIA in his motion for reconsideration. Munoz makes no argument challenging the BIA's determination that he did not present objective evidence of changed country conditions and that his unsworn personal declaration was not entitled to evidentiary weight. He has thus abandoned any challenge to the BIA's stated basis for denying his motion for reconsideration. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.