# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60904
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2016

Lyle W. Cayce
Clerk

WILSON EKANYIE ASHU,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A086 955 811

Before DAVIS, JONES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wilson Ekanyie Ashu, a native and citizen of Cameroon, applied for withholding of removal and relief under the Convention Against Torture (CAT). The immigration judge (IJ) denied relief, finding Ashu incredible, and the BIA agreed, dismissing his appeal. Ashu did not file a petition for review of the dismissal, but he now petitions this court for review of the BIA's later orders denying reconsideration and denying his motion to reopen his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60904

immigration proceedings.  We review both orders for abuse of discretion.  *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Regarding the motion to reconsider, Ashu does not explain how the BIA's order was arbitrary, capricious, or irrational or was based on a legal error or was an unexplained departure from its regulations or policies, and thus he has not demonstrated that the BIA abused its discretion.  *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  Instead, he takes issue with the IJ and the BIA's credibility determinations and the decision to deny withholding of removal and CAT relief.  However, his petition for review of the denial of the motion to reconsider was insufficient to preserve challenges to the BIA's dismissal of the appeal.  *See Guevara v. Gonzales*, 450 F.3d 173, 173 (5th Cir. 2006) ("[T]he BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review." (internal quotation marks and citation omitted)).  By raising issues addressed in the BIA's underlying dismissal order, he is attempting to collaterally attack that order, which he may not do.  *See id.* at 176.

Ashu argues that the BIA should have granted his untimely motion to reopen based on changed circumstances in Cameroon, specifically, the murder of his father.  However, he does not identify the perpetrators or provide a motive for the killing, and so he has not demonstrated how this tragic event constitutes materially changed circumstances in Cameroon warranting the reopening of his immigration proceedings.  *See* 8 C.F.R. § 1003.2(c)(ii); *cf. Panjwani v. Gonzales*, 401 F.3d 626, 632-33 (5th Cir. 2005) (determining that the BIA did not abuse its discretion in determining that evidence of a bombing by an unspecified group near the alien's family home did not constitute changed circumstances).  Moreover, Ashu has not explained how he

2

No. 14-60904

established prima facie eligibility for asylum or withholding of removal because he does not allege that his father's killing had any connection to Ashu's race, religion, nationality, political opinion, or membership in a social group, *see Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012), nor does he say how the fact of the murder would establish that he would be tortured if he returned to Cameroon, which would support an application for CAT relief, *see Garcia v. Holder*, 756 F.3d 885, 891 (5th Cir. 2014). Accordingly, he has not demonstrated that the BIA abused its discretion in denying the motion to reopen. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). To the extent that Ashu contends that his case presents exceptional circumstances warranting the BIA's use of its authority to reopen proceedings sua sponte, *see* § 1003.2(a), we lack jurisdiction to review a challenge to the BIA's entirely discretionary decision whether to exercise this authority, *see Enriquez-Alvarado v. Ashcroft,* 371 F.3d 246, 248-50 (5th Cir. 2004).

Ashu's petitions for review are DENIED.