# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2013

No. 12-60693
Summary Calendar

Lyle W. Cayce
Clerk

ROVINZON CIFUENTES-VASQUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 274 781

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rovinzon Cifuentes-Vasquez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion for reconsideration of its order dismissing his appeal of an immigration judge's (IJ) order denying his motion to reopen removal proceedings. He contends his motion to reopen should have been granted because: service of the Notice To Appear was legally insufficient; and there is no due-diligence requirement for pursuing reopening.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA's denying a motion for reconsideration is reviewed "under a highly deferential abuse-of-discretion standard". *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (quotation marks omitted).  "A motion for reconsideration urges an adjudicative body to re-evaluate the record evidence only." *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005).  To succeed on such a motion, petitioner must "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked". *Id.*

Cifuentes' contentions primarily concern the denial of his motion to reopen, not the denial of his motion for reconsideration.  He did not file a separate petition for review of the BIA's dismissing his appeal of the denial of the motion to reopen.  Accordingly, we lack jurisdiction to review the issues raised in Cifuentes' brief regarding the motion to reopen.  *See Stone v. INS*, 514 U.S. 386, 400-01 (1995) (period for seeking review of final removal order unaffected by petitioner's later moving for reconsideration); *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006) ("BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review" (quotation marks omitted)).

Because he fails to identify any change in the law, or any error of law or fact justifying reconsideration, Cifuentes' contentions regarding reconsideration fail.  *See Zhao*, 404 F.3d at 301.  Therefore, his petition for review of the BIA's denying his motion for reconsideration is denied in part.

To the extent Cifuentes challenges the BIA's refusal to reopen the proceedings *sua sponte* (and the attendant refusal to reconsider the same), our court lacks jurisdiction to consider his contention. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004) ("a reviewing court has no legal standard against which to judge an IJ's decision not to invoke its *sua sponte* authority").

DISMISSED IN PART; and DENIED IN PART.