# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60308

———————

Demetrio Suarez-Navarro,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A208 554 685

———————————————————

Before Southwick, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Demetrio Suarez-Navarro timely petitions us for review of the Board of Immigration Appeals' ("the Board") denial of his motion for reconsideration. Petitioner argues that the Board abused its discretion by making an erroneous finding as to whether his motion was timely and by applying the wrong standard when considering his motion to reopen. He also

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

argues this resulted in a violation of his due process rights. We DENY the petition for review.

## BACKGROUND

Petitioner is a native and citizen of Mexico. He lives with his two minor children and his common law wife in Texas. On September 1, 2016, Petitioner was served with a Notice to Appear for being present in the United States without admission or parole. During his removal proceedings, Petitioner applied for cancellation of removal for non-permanent residents, which the Immigration Court denied. Petitioner appealed this determination to the Board, and the Board dismissed his appeal. Petitioner filed for review, and our court dismissed it for lack of jurisdiction in June 2020.

Approximately one year after the Board dismissed his appeal, Petitioner filed a motion to reopen his case. In November 2022, the Board denied the motion. One month later, Petitioner filed a timely motion to reconsider. The Board denied the motion for reconsideration, and this petition for review followed.

## DISCUSSION

This court reviews the denial of a motion to reconsider under a highly deferential abuse of discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The Board's decision will stand "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (citations omitted). To succeed on such a motion, petitioner must "identify a change in the law, a misapplication of the law, or an aspect of the case that [the Board] overlooked." *Id.* at 301.

No. 23-60308

"Questions of law are reviewed de novo." *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

Petitioner first argues that the Board violated his due process rights when it failed to address his argument that his motion to reopen should have been equitably tolled. However, Petitioner failed to raise his argument of equitable tolling and timeliness in his motion for reconsideration—it was only raised in his motion to reopen, which is not independently before this court.[1] Accordingly, we lack jurisdiction to consider his argument because it was not raised and is accordingly unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (§ 1252(d)(1) is subject to waiver and forfeiture); *Brain v. Garland*, No. 21-60765, 2022 WL 17819602 (5th Cir. Dec. 20, 2022) (holding we lack jurisdiction for the same).

Petitioner next argues that the board abused its discretion and misapplied the law when it applied the incorrect legal standard in denying his motion to reconsider because he stated a *prima facie* case for relief. However, because the petitioner has already had an opportunity to present his case and be considered for relief, the prima facie showing is largely irrelevant. *See*

---

[1] *See Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006) ("this Court has recognized that '[t]he BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review.'") (Citation omitted). While Petitioner alleges that his motion for reconsideration was raising the issues of the motion to reopen, his motion for reconsideration did not present an argument about the equitable tolling and the timeliness. Instead, it discussed only the substantive merits of his position. Thus, while we would have jurisdiction over the motion to reopen to the extent raised in this motion to reconsider, it was not properly raised, accordingly, we will not consider it here. *See also Cifuentes-Vasquez v. Holder*, 520 F. App'x 254 (5th Cir. 2013) (where a petitioners "contentions primarily concern the denial of his motion to reopen, not the denial of his motion for reconsideration[, and] he did not file a separate petition for review of the BIA's dismissing his appeal of the denial of the motion to reopen[,]" the court has no jurisdiction to review those issues not raised in the reconsideration motion before it).

*Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992). The appropriate standard is whether the new evidence offered by Petitioner, "would likely change the result in the case." *Id.* This is a heavy burden that Petitioner must meet. *Id.* That is the standard the Board applied. Accordingly, there was no misapplication of the law.

To the extent that Petitioner argues that the Board "required him to put on conclusive evidence," he does not explain why he believes this to be true, or how it amounts to a misapplication of the law, he merely cites to other unpublished cases where the outcomes were different. However, how the Board weighs the evidence is not a question of law that we have jurisdiction to review. *See Nastase v. Barr*, 964 F.3d 313, 319 (5th Cir. 2020) (the petitioner alleged a heightened standard was imposed on him and compared the equities in his case to the equities in other cases, and our court held it insufficient to establish that a heightened standard was applied. The court further held that the petitioner "may not—merely by phras[ing] his argument in legal terms—use[ ] those terms to cloak a request for review of the BIA's discretionary decision, which is not a question of law." (cleaned up)).

Finally, Petitioner argues that the Board misapplied the facts to the law because it did not properly consider his daughters mental condition, his job prospects in Mexico, his daughter's learning disabilities, and violence in Mexico. Notwithstanding that the Board *did* consider these facts, Petitioner's arguments are a mere repetition of those made in his motion to reopen, and he fails to state how the Board erred in any application of law. "The Board does not abuse its discretion in denying a motion to reconsider when the petitioner repeats arguments the Board has already rejected." *Brain*, 2022 WL 17819606 at *1 (citing *Clavel-Avelar v. Garland*, 858 F. App'x 795, 796 (5th Cir. 2021)). Thus, the Board did not abuse its discretion.

No. 23-60308

## CONCLUSION

We DENY the petition for review.